IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 14-CR-00419-WYD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

2.       GEORGE F. DURBIN,
       a/k/a George Durbano,

       Defendant.

---

**ORDER and RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER comes before the Court on the "Motion by Defendant George F. Durbin for Review of Possible Conditions of Release that Would Allow Him to be Released on Bond" [Doc. No. 48] ("Mot."), filed February 13, 2015.  Plaintiff filed a Response in opposition to the motion on February 20, 2015.  [Doc. No. 49.]

Durbin invokes this court's authority to reconsider its Order of Detention [Doc. No. 20] under (1) the mandatory release provision in 18 U.S.C. § 3164 (2012); (2) reopening the initial detention hearing based on new information, *id.* § 3142(f); and (3) review of a detention order on motion under *id.* § 3145(b).

Defendant does not qualify for consideration under Title 18 U.S.C. § 3164(b) which provides for review of detention orders where a person has been detained for ninety days or more. The provision specifically states that ninety days is calculated so that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id*.  District Judge Wiley Y. Daniel, without objection from the Defendant, has excluded 180 days from speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and with consideration to 18 U.S.C. § 3161(h)(6).  [Doc. No. 37.]  Therefore the ninety day period triggering review under Section 3164 has not run.  Further, the factors considered by the Tenth Circuit in *United States v. Theron*, 782 F.2d 1510, 1515-16 (10th Cir. 1986) are not present in this case at this point in time.

The defendant is entitled to review pursuant to Title 18 U.S.C. § 3142(f)(2) if he can show (1) "information exists that was not known to the movant at the time of the [original] hearing" **and** (2) that the new information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *Id*.  Defendant Durbin has failed to make this showing as well.

Defendant Durbin asserts two new pieces of new information justifying reopening the detention hearing.  First, he claims that counsel for defendant has discovered since the original hearing that Mr. Durbin is a methamphetamine addict and that his addiction was the cause for many of his previous failures to attend court as required and his overall involvement in criminal

activity.  The Pretrial Services Report indicates that "defendant did not report any past or present substance abuse history" and none of his reported previous criminal activity was noted to have involved a controlled substance on its face.  Therefore, the court agrees that Mr. Durbin's classification as a methamphetamine addict is new information pursuant to 18 U.S.C. § 1842.  The court disagrees, however, that this information would bear favorably on the court's consideration of the likelihood of appearance in court by Mr. Durbin and most certainly does not bear favorably on this court's assessment regarding whether Mr. Durbin is a danger to the community.

Mr. Durbin, now portrayed in his motion as a 'former' methamphetamine addict, has been making a living as a commercial truck driver.  Defendant claims he broke his addiction only by virtue of his imprisonment over the last 100+ days.  (Mot. at 4.)  Even without the danger that defendant poses by driving commercial trucks while impaired by methamphetamine, there is an inherent danger posed to the community by persons who are involved with the distribution, possession or use of controlled substances.  Defendant argues that his forced abstinence from methamphetamine while incarcerated should provide the court comfort that he has "significantly [broken] that addiction."  (*Id*.)  The court is not so comforted.  Mr. Durbin denied using any controlled substance to both the court and the Probation Office knowing that was an untruthful response.  The court is unable to evaluate the extent of Mr. Durbin's addiction and is unconvinced that forced abstinence through incarceration is indicative of recovery for any addict,

notwithstanding the positive effect this no doubt has had on his health.   Given his falsehoods to the court, the court is not convinced that placement in a halfway house would be successful.

Second, Mr. Durbin argues that to the extent the court was unclear about whether Mr. Durbin's commercial driver's license was restrained and his driving on a restrained or revoked license posed a danger to the community, he now has proof that his license was reinstated on September 29, 2014.[1]   He therefore possessed a valid, unrestrained commercial driver's license at the time of his arrest.   The court agrees again that this is new information for the purposes of Section 3142(f).

This material, however, does not have a material bearing on the issues before the court because even though that information does alleviate the court's concern that if placed on bond and continued in his employment at E.T. Trucking he would be driving under a valid license, the new information is offset by the sudden revelation that Defendant is a methamphetamine addict as noted above.   Further, the fact that Mr. Durbin's license was reinstated last September does not negate the defendant's citations involving driving without a valid license on April 16 and August 18 of 2014.

Additionally, as to danger to the community, the court previously found that

> [t]he defendant has several active ongoing cases including a theft and second degree forgery in Arapahoe County and violation of a civil protection order in Jefferson County for which his probation has already been revoked at least once

---

[1] His most recent citation for driving under restraint occurred on August 18, 2014 and previous to that on April 16, 2014.   (Det.Order [Doc. No. 20] at 3.)

> before. The protection order apparently related to Defendant's co-defendant in this case, Raquel Espinoza. Several of the defendant's convictions appear to involve circumstances indicative of danger to persons in the community, including the multiple violations of a protection order regarding Ms. Espinoza and theft from an at risk individual, forgery, and impersonation.

(Det.Order at 3-4]

Even in light of the two new pieces of information provided by the Defendant, there have been no changes in the most important aspects of the court's previous determination that the Defendant should be detained, including that the defendant has 13 failures to appear, most of which resulted in the issuance of a warrant; four failures to comply with the terms and conditions of probation in Jefferson County District Court, Case No. 01CR363, Jefferson County District Court, Case No. 02CR620, Jefferson County Court, Case No. 12M231 and Arapahoe County Court, Case No. 12M4753 and including that on July 25, 2014, in one of the cases where the Defendant failed to appear in Aurora for a violation of a civil protection order, the defendant was held in contempt of court and served 18 days in jail. As noted, both of Mr. Durbin's citations involving allegations of driving under restriction were garnered while the defendant was on probation in both Jefferson County and Arapahoe County on separate charges. Unchanged is the fact that the defendant has several active ongoing cases including a theft and second degree forgery in Arapahoe County and violation of a civil protection order in Jefferson County for which his probation has already been revoked at least once before. Additionally, the current charges involve alleged mail fraud and aggravated identity theft. The defendant has used nine alias names in the past and Mr. Durbin's statements to the Probation Officer conducting the interview were

often at odds with other persons' account of the same material, including the length of time in his current job, custody of his children with Ms. Espinoza and his income from other employment. Now added to that list is his declaration that he did not illegally use controlled substances when he now admits he is an addict.

I find, therefore, that the Defendant has not set forth sufficient grounds to reopen the bail hearing pursuant to 18 U.S.C. § 3142(f).   After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   Further, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably insure the safety of other persons, including the defendant, or the community.

Therefore, it is **ORDERED**

The "Motion by Defendant George F. Durbin for Review of Possible Conditions of Release that Would Allow Him to be Released on Bond" [Doc. No. 48] is **DENIED** on the basis of Title 18 U.S.C. Sections 3164 and 3142(f).

Further, I respectfully **RECOMMEND**

The "Motion by Defendant George F. Durbin for Review of Possible Conditions of Release that Would Allow Him to be Released on Bond" [Doc. No. 48] be **DENIED** on the basis of Title 18 U.S.C. Sections 3145(b).

DATED this 2nd day of March, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge